PICKETT, Judge.
The plaintiff, George Pepe, and the defendant, Associated Supply Company, a partnership composed of James Henderson, James I. Simmons and John L. Pepe are the owners of adjacent lots in the City of Bogalusa, Louisiana. Plaintiff instituted this action contending that the defendant partnership caused a concrete block wall to be constructed which encroached upon his property. Accordingly, plaintiff sought the removal of the wall, rental from the time the wall was constructed until it is removed, together with damages for a fence plaintiff contends defendants destroyed to construct the wall.
The wall in question was located along a common boundary between Lot 20 owned by the plaintiff and Lot 21, owned by the defendants said lots located in Block No. 3 of a Resubdivision of Block 29 of the Stephen E. Richardson Addition to the City of Bogalusa, Washington Parish, Louisiana.
The evidence adduced at the trial consisted of the testimony of Mr. Pepe, James Henderson, a member of the defendant *252 partnership, and two plats of surveys introduced as joint exhibits. One plat identified as Joint Stipulation No. 1 was prepared by R. R. Porter, Civil Engineer, dated January 17, 1967. The second plat depicts a survey made by Lynwood Vaughn, Civil Engineer, which is undated and identified as Joint Stipulation No. 2. The Porter survey was made at the instance of the plaintiff, the Vaughn survey by the defendants.
In disposing of the matter the trial judge stated: “I fail to find where the plaintiff has proved his case by a preponderance of the evidence and I therefore will sign a judgment dismissing the law suit at the plaintiff’s cost.” Our review of the record leads us to a similar conclusion and we therefore affirm.
It must be noted at the outset that the common line between Lots 20 and 21 has never been judicially determined. This may well explain the reason for the discrepancies noted in the two aforementioned surveys.
The evidence also discloses that the wall in question is located at the rear of the property and is an elongation of previously existing structures. Lots 20 and 21 front on the west side of Columbia Street. Accordingly, the common boundary runs in an east-west direction. The wall in question is 29.65 feet in length and is located near the rear or westernmost portion of the two lots.
The Porter survey not only purports to locate the new wall but it also includes buildings previously constructed, the locations of which are not contested by plaintiff. In essence the survey shows that the eastern end of the previously existing buildings encroach upon plaintiff’s property five/tenths (.5) of a foot and that the rear of the building (which is the western end of the contested wall) is located three/tenths (.3) of a foot on defendants’ side of the line. Although an extension of a line from the west corner of the new wall to the east corner of the previously existing buildings does cross the common boundary line, we cannot determine the exact point and are unable to say what portion of the wall if any is physically located on plaintiff’s side of the line.
On the other hand the Vaughn survey indicates that the western edge of the contested wall is located forty-five/one hundredths (.45) of a foot on defendant’s side of the line but that the eastern edge of the said wall is located four/tenths (.4) of a foot over the line and encroaches upon plaintiff’s property to this extent.
Absent any clear evidence as to the exact location of the common line between plaintiff’s and defendants’ lots which would enable the court to reconcile the two surveys, it is impossible to determine what portion if any of the contested wall is actually located on plaintiff’s property. It is for this reason that we do not deem it wise at this juncture to express an opinion with respect to the relative rights and obligations of the parties to this litigation except to concur in the decision of the trial court which held that plaintiff had failed to bear the burden of proving his allegations of encroachment. Plaintiff’s claim for damages for the destruction and/or removal of his fence must be rejected because his estimate of value is wholly uncorroborated.
Accordingly, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.